IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETROPROPERTIES & FINANCE, LLC, | : : : | |
| Plaintiff, | : : | Civil Action No. 08-cv-00358-DSC |
| v. | : : | Judge David S. Cercone |
| PRIMA MARKETING, LLC and MATRIX CAPITAL MARKETS GROUP, INC., | : : : : : | **ELECTRONICALLY FILED** |
| Defendants. | : | |

## DEFENDANT MATRIX CAPITAL MARKETS GROUP, INC.'S ANSWER AND DEFENSES

Defendant, Matrix Capital Markets Group, Inc. ("Defendant Matrix"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby files the within Answer and Defenses to Plaintiff PetroProperties & Finance, LLC's Complaint, which was originally filed in the Court of Common Pleas of Allegheny County and was removed by Defendant Matrix and Defendant Prima Marketing, LLC ("Defendant Prima") (collectively, "Defendants") to this Court.

## FIRST DEFENSE

1.      Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 1 of Plaintiff's Complaint; therefore, said averment is denied.

2.      Admitted.

3.      Admitted as stated. By way of further answer, while Defendant Matrix maintains a "place of business" at 100 South Charles Street, Suite 1350, Baltimore, Maryland, it maintains its principal place of business at 11 South 12th Street, Third Floor, Richmond, Virginia.

4. The averments set forth in Paragraph 4 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Defendant Prima is in the business of owning and operating petroleum retail stores through Pennsylvania, West Virginia, Ohio and Kentucky. It is denied that Prima owns and operates approximately 87 such stores.

5. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 5 of Plaintiff's Complaint; therefore, said averment is denied.

6. Denied as stated.

7. Denied.

8. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 8 of Plaintiff's Complaint; therefore, said averment is denied.

9. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 9 of Plaintiff's Complaint; therefore, said averment is denied.

10. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 10 of Plaintiff's Complaint; therefore, said averment is denied.

11. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of all other averments set forth in Paragraph 11 of Plaintiff's Complaint; therefore, said averments are denied.

12. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 12 of Plaintiff's Complaint; therefore, said averment is denied.

13. Denied as stated.

14. It is denied that in January of 2008, without privilege and/or legal justification, Defendant Matrix convinced Defendant Prima to breach the Exclusive Agreement and to agree to enter into an exclusive agreement with Defendant Matrix. All other averments set forth in Paragraph 14 of Plaintiff's Complaint are denied as stated. To the extent that the averments set forth in Paragraph 14 of Plaintiff's Complaint reference a written document, said document speaks for itself.

15. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 15 of Plaintiff's Complaint; therefore, said averment is denied.

16. Denied.

17. Defendant Matrix is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 17 of Plaintiff's Complaint; therefore, said averment is denied.

## COUNT I -- PETRO v. MATRIX

18. Defendant Matrix incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

WHEREFORE, Defendant Matrix respectfully requests that this Court deny Plaintiff's demands for preliminary and permanent injunctions, enter judgment against Plaintiff and in favor of Defendant Matrix, together with all court costs and expenses, and all other relief that this Court deems to be just and proper.

### COUNT II -- PETRO v. PRIMA

22. Defendant Matrix incorporates by reference its responses to Paragraphs 1 through 21 of Plaintiff's Complaint as if fully set forth herein.

23. The averments contained in paragraph 23 of the Complaint are directed to Defendant Prima and not Defendant Matrix so no response is deemed necessary. To the extent that a response is deemed necessary, said averments are denied.

24. The averments contained in paragraph 24 of the Complaint are directed to Defendant Prima and not Defendant Matrix so no response is deemed necessary. To the extent that a response is deemed necessary, said averments are denied.

25. The averments contained in paragraph 25 of the Complaint are directed to Defendant Prima and not Defendant Matrix so no response is deemed necessary. To the extent that a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant Matrix respectfully requests that this Court deny Plaintiff's demands for preliminary and permanent injunctions, enter judgment against Plaintiff and in favor of Defendant Prima, together with court costs and expenses, and all other relief that this Court deems to be just and proper.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that its Complaint fails to state any claims upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, as any harm sustained by Plaintiff, which Defendant Matrix denies, is not irreparable.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff has an adequate remedy at law.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff has unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff has failed to mitigate any damages it is seeking in this action.

## SEVENTH DEFENSE

Defendant Matrix reserves the right to assert additional defenses as they become known.

WHEREFORE, Defendant Matrix respectfully requests that this Court deny Plaintiff's demands for preliminary and permanent injunctions, enter judgment against Plaintiff and in favor of Defendant Matrix, together with court costs and expenses, and all other relief that this Court deems to be just and proper.

                                      **BUCHANAN INGERSOLL & ROONEY PC**

Dated: March 17, 2008                   By: <u>*/s Gretchen L. Jankowski*</u>
                                                        Gretchen L. Jankowski
                                                        PA 74540
                                                       gretchen.jankowski@bipc.com
                                                        Jordan M. Webster
                                                        PA 200715
                                                       jordan.webster@bipc.com

                                                     One Oxford Centre, 20th Floor
                                                     301 Grant Street
                                                     Pittsburgh, PA  15219
                                                     Telephone: (412) 562-8800
                                                     Fax: (412) 562-1041
                                                     Firm I.D. No. 038

                                                   *Attorneys for Defendants Prima Marketing LLC and Matrix Capital Markets Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of March, 2008, a true and correct copy of the foregoing **Defendant Matrix Capital Markets Group, Inc.'s Answer and Defenses** was uploaded onto the ECF filing system, which transmitted notice to the following counsel of record, and/or was served on the following counsel of record by first-class U.S. Mail, postage prepaid:

> William D. Clifford, Esquire
> Dickie, McCamey & Chilcote, PC
> Two PPG Place, Suite 400
> Pittsburgh, PA  15222-5402
> wclifford@dmclaw.com

> Craig M. Lee, Esquire
> 285 Carmell Drive
> Pittsburgh, PA  15241

                                                    */s Gretchen L. Jankowski*